

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-93,859-01

### EX PARTE BRYAN KEITH LYNCH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 28257 HC-1 IN THE 6TH DISTRICT COURT
### FROM LAMAR COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of indecency with a child by sexual contact (count 1) and aggravated sexual assault of a child (count 2) and was sentenced to 20 years' imprisonment on count 1 and life imprisonment on count 2. The Sixth Court of Appeals affirmed his conviction. *Lynch v. State*, No. 06-19-00250-CR (Tex. App.—Texarkana June 25, 2020) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel was ineffective by failing to object to improper argument by the prosecutor, failing to object to extraneous offense evidence, failing to investigate Applicant's mental health history, failing to object to the trial court's informal inquiry

of Applicant's competency to stand trial, and failing to object to hearsay testimony. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: July 27, 2022

Do not publish